# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# 3:19-cv-00441-FDW
# (3:11-cr-00404-FDW-DSC-1)

| | |
|---|---|
| ZONTA TAVARAS ELLISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on Petitioner's uncaptioned filing in which he appears to seek relief under 28 U.S.C. § 2241 [CV Doc. 1][1] and Petitioner's "Motion for stay proceeding in response to court's November 5, 2019 order whether petitioner would like the court to construe his petitioner for writ of Habeas Corpus relief pursuant to 28 USC § 2241 and 28 USC § 2255(e) saving clause as a motion arising under USC §2255" [CV Doc. 10].

On September 9, 2019, Petitioner filed an uncaptioned motion in which Plaintiff purports to seek relief under 28 U.S.C. § 2241 "challenging not the validity but the execution of his sentence – which is the essence of Habeas – legality of his imprisonment." [See CV Doc. 1 at 4]. Petitioner was found guilty by a jury and convicted of three counts of possession with intent to distribute cocaine base, in violation of 21 U.S.C. §§ 841 and 851, after proceeding pro se (with stand by

---

[1] Citations to the record herein contain the relevant document number referenced preceded by either the letters "CV," denoting that the document is listed on the docket in the civil case file number 3:19-cv-00441-FDW, or the letters "CR," denoting that the document is listed on the docket in the criminal case file number 3:11-cr-00404-FDW-DSC-1.

counsel) in a jury trial.[2] [CR Doc. 51: Judgment]. Petitioner appealed his conviction to the Fourth Circuit Court of Appeals, in part based on the District Court's alleged error in determining that Petitioner knowingly, intelligently, and voluntarily waived his Sixth Amendment right to counsel. [CR Doc. 35]. The Fourth Circuit affirmed, holding that Petitioner "clearly and unequivocally asserted his right to self-representation" and that his "election to proceed pro se also was knowing, intelligent, and voluntary." [CR Doc. 74 at 2-3]. On January 21, 2016, Petitioner filed a Section 2255 motion to vacate, raising claims of prosecutorial misconduct, denial of his ability to present an entrapment defense, ineffective assistance of counsel, use of an invalid prior conviction to enhance his sentence, and violation of double jeopardy. [Civil Case No. 3:16-cv-40 ("Case No. 3:16-cv-40"), Doc. 1]. Petitioner's motion to vacate was denied on the merits and dismissed. [Id., Doc. 5].

In the current motion, Petitioner claims he is challenging "the execution of his sentence" under Section 2241, not the validity of his conviction or sentence. [CV Doc. 1 at 4]. Petitioner contends that the undersigned acted in "a ministerial capacity" and "in criminal contempt of court" in the conduct of Petitioner's trial. It appears the onus of Petitioner's complaint is that the Court improperly allowed Petitioner to proceed pro se at trial without giving him more time to prepare his defense. [Id. at 6]. Petitioner also argues he was not provided certain evidence by his attorney to be used in Petitioner's defense and that other essential evidence necessary to find him guilty was lacking. [Id. at 7-9]. As relief, Petitioner seeks that the case "be recalled" and that he be

---

[2] A full recitation of the factual and procedural background of the criminal proceedings related to the pending motion, as well as Petitioner's previous Section 2255 motion to vacate, can be found at Civil Case No. 3:16-cv-40-FDW, Doc. 5.

granted an evidentiary hearing to establish certain "material facts" that will prove he has been falsely imprisoned.[3]  [Id. at 7, 10].

In the other motion pending before the Court, which is presumably a response to the Court's Castro notice, Petitioner reiterates his right to relief under § 2241.  [See Doc. 10].  In this motion, Petitioner provides a lengthy recitation of his version of the procedural and factual history of his criminal case.  [See id. at 1-2].  Petitioner reiterates arguments previously rejected in his original motion to vacate regarding an entrapment defense, prosecutorial misconduct, and ineffective assistance of counsel.  [Id. at 4].  Petitioner also argues he is actually innocent 21 U.S.C. § 851 "to being in possession of cocaine or sell cocaine."  [Id.].

The pending motions are nothing more than successive motions to vacate under § 2255.  Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application."  Thus, Petitioner must first obtain an order from the United States Court of Appeals for the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255.  Petitioner has not shown that he has obtained the permission of the United States Court of Appeals for the Fourth Circuit to file a successive petition.  See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals").  Accordingly, these successive petitions must be dismissed.  See Burton v. Stewart, 549

---

[3] In response to Petitioner's motion, the Court errantly notified Petitioner under United States v. Castro, 540 U.S. 375 (2003), that the Court intended to consider his motion as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 and requested that Petitioner agree or disagree with that characterization.  This Castro notice was unnecessary because Petitioner had already previously filed a § 2255 motion, which was dismissed on the merits.  [Case No. 3:16-cv-40, Docs. 1, 5].  After having been granted several extensions of time to reply to the Castro notice [Docs. 5, 7, 9], Petitioner filed the other motion pending before the Court [Doc. 10].

3

U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place").

For the foregoing reasons, the Court will dismiss Petitioner's pending motions for lack of jurisdiction because the motions are successive petitions and Petitioner has not first obtained permission from the Fourth Circuit Court of Appeals to file another motion pursuant to § 2255.

**IT IS, THEREFORE, ORDERED** that

1. Petitioner's motions [Docs. 1, 10] are **DISMISSED** as successive petitions.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right). Petitioner has failed to make the required showing.

**IT IS SO ORDERED**.

Signed: March 23, 2020

Frank D. Whitney
Chief United States District Judge